IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**NORWEGIAN BULK CARRIERS AS,**

 Plaintiff,

v.

**PREMIER BULK STEVEDORING, LLC,**

 Defendant.

Case No.: _____

## COMPLAINT

COMES NOW, Plaintiff Norwegian Bulk Carriers AS ("Plaintiff"), by and through counsel, and asserts the following cause of action against Defendant Premier Bulk Stevedoring, LLC ("Defendant"), and in support thereof would respectfully show unto the court as follows:

### JURISDICTION AND VENUE

1. This is a civil action brought under the General Maritime Law of the United States. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 as this matter involves a maritime tort.

2. Venue is appropriate in the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the navigable waters located within the jurisdiction of the Southern District of Alabama and had a maritime or admiralty nexus.

### PARTIES

3. Plaintiff is a business corporation organized under the laws of the nation of Norway, and has done business within the Southern District of Alabama at all material times referred to herein.

4. Defendant is a domestic limited liability company engaged in stevedoring activities. Defendant is organized under the laws of the State of Alabama and its principal place of business located in Mobile County, Alabama. At all relevant times to the claim in this lawsuit, Defendant was doing business in Mobile County, Alabama.

## FACTUAL BACKGROUND

5. Plaintiff is the Head Charterer of the M/V FREE STATE.

6. On or about June 23, 2025, M/V FREE STATE called at the Port of Mobile at Pinto Island, located in the navigable waters of the Mobile River in Mobile County, Alabama.

7. During the discharge operations of the M/V FREE STATE, a forklift operator working on behalf of Defendant mishandled a steel slab inside Hold Number 2 of the M/V FREE STATE, causing it to gouge the forward bulkhead and puncturing a hole in the cargo deck – which also served as the top of the M/V FREE STATE'S Fuel Oil Tank Number 1.

8. On that same day, the M/V FREE STATE'S Master issued to Defendant a Stevedore Damage Report, placing Defendant on notice that the Plaintiff would hold Defendant responsible for the damages the M/V FREE STATE incurred as a result of Defendant's negligent handling of the cargo.

9. A joint survey was organized to assess the damage caused by Defendant to the M/V FREE STATE. At the joint survey, it was determined that the damage was caused by the faulty or negligent handling of the forklift by Defendant's forklift operator.

10. The damage caused by Defendant's negligent handling of cargo inside the M/V FREE STATE interfered with M/V FREE STATE'S Classification and prevented the vessel from sailing until the repairs had been completed.

11.     As a result, arrangements were made to shift the M/V FREE STATE from Pinto Island (where the damage occurred), offload the vessel's bunkers from Fuel Oil Tank Number 1, gas-free the tank, and arrange for contractors to repair the damage caused by Defendant's negligence.

12.     Due to the damage caused by Defendant, the M/V FREE STATE was forced to remain in port over ten (10) extra days in order to shift the vessel to a lay berth, offload the bunkers, and gas-free the fuel oil tank so that welding work could proceed safely in order to repair the vessel before it embarked to its next port of call.

13.     During the lay time that the M/V FREE STATE was in port undergoing repairs due to Defendant's negligence, the vessel incurred additional, unanticipated expenses such as additional fuel, fresh water, daily hire, and costs associated with surveying the damage.

14.     As a result of Defendant's negligence, Plaintiff has suffered damages in the amount of at least $239,940.13 for delay and additional costs associated with the damages to the M/V FREE STATE.

15.     On July 16, 2025, Plaintiff submitted a written claim for damages as a result of the delay and expenses caused by Defendant's laborer's negligence. Defendant has refused to make full restitution to Plaintiff caused by Defendant's negligence.

## CLAIM FOR RELIEF
## NEGLIGENCE

16.     Plaintiff is the Charterer for the M/V FREE STATE. On or about June 23, 2025, the M/V FREE STATE made a port call to the Port of Mobile at Pinto Island in the navigable waters of the Mobile River in Mobile County, Alabama.

17.     Defendant's agents or employees, in discharging cargo from the M/V FREE STATE, owed a duty of care to Plaintiff to exercise ordinary diligence to ensure the cargo was

unloaded safely and without damage to the vessel. This duty extends to the proper use of equipment, such as a forklift, incidental to cargo operations and proper cargo handling practices.

18.     Under general maritime law, traditional agency principles apply. *Archer v. Trans/Amer. Servs., Ltd*., 834 F.2d 1570, 1573 (11th Cir. 1988). As such, Defendant can be held liable for its agent's or employee's negligence while unloading cargo. *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1235–36 (11th Cir. 2014).

19.     Defendant's agents or employees breached their duty to Plaintiff when it caused damages to the M/V FREE STATE during the discharge of cargo. Specifically, Defendant's forklift operator mishandled a steel slab inside Hold Number 2 of the M/V FREE STATE, causing it to gouge the forward bulkhead and puncture a hole in the cargo deck – which also served as the top of Fuel Oil Tank Number 1 for the vessel.

20.     As a direct and proximate result of Defendant's agents or employees mishandling a steel slab, the M/V FREE STATE incurred significant damages. The damage caused by Defendant compromised the M/V FREE STATE'S Classification, rendering her unfit to sail until repairs were completed.

21.     As a result of Defendant's negligence and the damage it caused, the M/V FREE STATE was required to be shifted to a repair berth where bunkers had to be removed and the fuel oil tank gas cleared before repair operations could commence. The M/V FREE STATE was required to remain more than ten (10) extra days in port in order to receive the necessary repairs to remediate the damage caused by Defendant's faulty discharge of the vessel's cargo.

22.     Due to the lay time that the M/V FREE STATE was in port receiving repairs due to Defendant's negligence, Plaintiff incurred additional costs and expenses including, but not limited to, fuel, fresh water, daily hire, and the costs of the surveys to assess the damage.

23. Plaintiff submitted a written demand for restitution to Defendant on or about July 16, 2025 for the delay and additional costs associated with Defendant's faulty discharge operations that led to resulting damage to the M/V FREE STATE.

## **DAMAGES**

24. As a result of Defendant's negligence, Plaintiff has suffered damages in the amount of at least $239,940.13. Defendant has refused to pay Plaintiff for said costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

A. Issue process causing the Defendant to appear and answer;

B. Enter Judgment in favor of Plaintiff and against Defendant for the full restitution amount of at least $239,940.13, plus interest and costs;

C. Award Plaintiff such other compensatory and punitive damages where appropriate;

D. Grant to Plaintiff any such other relief as this Court deems just and proper.

Respectfully submitted on July 24, 2025,

*/s/ Jaime W. Betbeze*
Jaime W. Betbeze
Robert "Brad" Reasonover
*Attorneys for Plaintiff Norwegian Bulk Carriers AS*

**OF COUNSEL:**
MAYNARD NEXSEN, P.C.
11 North Water Street
RSA Battle House Tower, Suite 24290
Mobile, Alabama 36602
(251) 432-0001
jbetbeze@maynardnexsen.com
rreasonover@maynardnexsen.com